1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

8
9
Jesus Rivera-Alvarado,                          No. CV-13-00509-PHX-GMS

10                        Petitioner,            **ORDER**

11   v.

12   USA,

13                        Respondent.

14

15          Pending before the Court are Petitioner Jesus Rivera-Alvarado's Amended Motion

16   to Vacate Sentence (Docs. 3, 4, 6) and United States Magistrate Judge Michelle H.

17   Burns's Report and Recommendation ("R&R"), which recommends that the Court deny

18   the Motion.  (Doc. 14.)  Petitioner filed objections to the R&R on August 25, 2014. (Doc.

19   17.) Therefore, the Court will review the record on all relevant matters *de novo*. For the

20   following reasons, the Court adopts the R&R and denies the Motion.

21                                   **BACKGROUND**

22          On June 30, 2010, Petitioner was convicted of three counts: (1) conspiracy to

23   distribute and distribution and possession with the intent to distribute fifty grams or more

24   of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), (2)

25   possession of a firearm in furtherance of a drug trafficking offense, in violation of 18

26   U.S.C. § 924(c)(1)(A)(I), and, (3) felon in possession of a firearm, in violation of 18

27   U.S.C. §§ 922(g)(1), 924(a)(2). Petitioner was tried along with his co-defendants, and the

28   jury was instructed that it should consider evidence about other defendants' acts "only as

they relate[d] to each charge against each defendant." The evidence presented by the Government included testimony from federal agents who had observed Petitioner's interactions with his co-defendants in the hours leading up to their arrests, and who explained that his actions were consistent with counter-surveillance tactics often used by local drug traffickers to evade detection. The agents also testified that Petitioner was seen driving one of the co-defendants to a parking lot. The co-defendant then exited the vehicle with a plastic bag containing over 300 grams of methamphetamine. After dropping off his co-defendant, witnesses indicated that Petitioner had parked nearby with a direct line of sight to his associate. One witness testified to Petitioner's proximity to his co-defendants at the time of his arrest by referencing an aerial photograph of the parking lot where the defendants were taken into custody. Petitioner was arrested in the driver's seat of the car, and officers discovered that he had a .357 caliber revolver in his waistband.

At the close of the trial, Petitioner was sentenced to the mandatory minimum sentence of twenty-five years. The trial Court's sentence calculation reflected a sentence enhancement based on Petitioner's 2004 conviction for possession of cocaine and possession of drug paraphernalia, both felonies, for which Petitioner was incarcerated for less than one year. Over the Petitioner's objection, the Court admitted a certified copy of the judgment of conviction pursuant to Federal Rule of Evidence 404(b) to prove his knowledge, intent, and/or absence of mistake during the trial as to the substantive offenses charged. The conviction document listed the defendant's name as "Jesse Alvarado." The Petitioner again contested the use of the conviction at the sentencing phase, and filed a Notice of Denial of Prior Conviction. In response, the Government submitted the conviction document used at trial and asked the Court to take judicial notice of the fact that the jury had found Petitioner guilty of one count of "felon in possession of a firearm" at trial. The Government also proffered testimony by the state trooper who alleged he could identify Petitioner as the man he arrested for the drug-related charges in 2004. The Court refused to consider the hearsay testimony, but

1   concluded the other evidence established Petitioner's criminal history beyond a
2   reasonable doubt to justify the sentence enhancement. Petitioner's twenty-five year
3   sentence was affirmed on appeal to the Ninth Circuit.

**STANDARD OF REVIEW**

5   A federal prisoner may seek relief under 28 U.S.C. § 2255(a) if his sentence was
6   imposed in violation of the United States Constitution or the laws of the United States,
7   was in excess of the maximum authorized by law, or is otherwise subject to collateral
8   attack. When a prisoner petitions for post-conviction relief, this Court "may accept,
9   reject, or modify, in whole or in part, the findings or recommendations made by the
10  magistrate." *Id.* § 636(b)(1).  If a petitioner files timely objections to the magistrate's
11  R&R, the district judge must make a de novo determination of those portions of the
12  report or specified proposed findings or recommendations to which objection is made.
13  *Id.*; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see*
14  *also* Fed. R. Civ. P. 72(b).

**DISCUSSION**

16  **I.     Grounds 1–5, 7: Ineffective Assistance of Counsel**

17  As grounds for relief, Petitioner asserts several claims of ineffective assistance of
18  counsel relating to his trial and appellate representation. For example, Petitioner contends
19  that his counsel spent insufficient time on his case, improperly objected to the
20  Government's use of evidence against him, including the prior conviction, failed to raise
21  grounds for severing Petitioner's trial from his co-defendants, and was an overall
22  ineffectual advocate. (*See* Doc. 14 at 9–14 (detailing Petitioners' claims).) In his
23  Response to the R&R, Petitioner objects only that his counsel was ineffective for
24  mishandling witness identifications made over the course of the trial. (*See* Doc. 17 at 4–
25  7.)

26  Petitioner's objection regarding his ineffective assistance claims as it involves
27  eyewitness identification, even when liberally construed in his favor, is not the kind of
28  specific challenge to the legal and factual findings made by the Magistrate Judge required

- 3 -

to trigger de novo review of the record under Rule 72(b). (*See* Doc. 17); Fed. R. Civ. P. 72(b)(3). First, Petitioner raises claims about misidentification for the first time in his objections to the R&R. These claims are inappropriate for consideration by the Court at this juncture. *See Bousley v. United States*, 523 U.S. 614, 621–22 (1998). Second, there is nothing in the trial record that reasonably calls misidentification into question, since Petitioner does not contest that he is the individual who was arrested in the parking lot with his co-defendants on August 27, 2009. To the extent that Petitioner is challenging the integrity of the Arkansas state trooper's identification of him as "Jesse Alvarado," the man he arrested in 2004 on felony possession charges, this amounts to a substantive attack on the trial court's evidentiary ruling and not a claim of ineffective assistance of counsel. Because Petitioner did not raise this issue on appeal, he has procedurally defaulted the claim and the Court is barred from inquiring into the propriety of the trial Court's decision to admit the officer's testimony now. *Bousley*, 523 U.S. at 621–22.

In any event, as the R&R indicates, the trial court properly considered the admissibility of the 404(b) evidence and issued a limiting instruction to the jury. (*See* Doc. 14 at 9–10.) To circumvent the procedural default doctrine, Petitioners' allegations are postured as claims of ineffective assistance of counsel. However, as the R&R thoroughly explains, none of the actions allegedly taken (or not taken) by Petitioner's counsel fell below an objective standard of reasonableness, nor has Petitioner sufficiently demonstrated how the outcome of his trial or sentencing would have been different had counsel acted otherwise. (Doc. 14 at 9–14); *See Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984) (holding that a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different in order to prevail on an ineffective assistance claim). Under the mandate of *Strickland*, Petitioner's trial counsel is subject to a presumption of competency. *Strickland*, 466 U.S. at 689. Petitioner's conclusory allegations that the prosecution relied on "perjured testimony," "did not disclose exculpatory evidence," and

that he was "framed"—without providing any factual support for his averments—is insufficient to raise a reasonable question as to the adequacy of his trial counsel. (*See* Doc. 4 at 3–4.) Thus, based on the record, the R&R correctly concludes that that Petitioner's claims of ineffective assistance of counsel should be denied on the merits. All ancillary claims about the events of Petitioner's trial, such as the admission of his prior conviction pursuant to Federal Rule of Evidence 404(b), are procedurally defaulted.

## II.   Ground 6, 7: Insufficient Evidence

In addition to his claims of ineffective assistance of counsel, Petitioner claims that the evidence presented by the Government at trial is insufficient to support a conviction for conspiracy and possession of a firearm in furtherance of a drug trafficking offense. (Doc. 4 at 20; Doc. 6 at 3.) Petitioner has filed only general objections to the Magistrate's findings and recommendations regarding these claims. (Doc. 17 at 17, 18.) Despite Petitioner's failure to file proper objections, the Court has reviewed the R&R de novo.

First, as noted above and in the R&R, if a § 2255 petitioner could have raised a claim at trial or on direct appeal but did not, post-conviction relief on that claim is generally deemed waived by the procedural default doctrine. *Bousley*, 523 U.S. 621–22. A petitioner can avoid procedural default only if he can demonstrate (1) "cause" for the failure to raise the claim at the proper time and "actual prejudice" or that he is "actually innocent." *Id.* at 622. Petitioner did not raise a claim of insufficiency of the evidence on direct appeal, nor has he articulated an excuse for his failure to raise this claim at an earlier stage in the litigation. Therefore, Petitioner's claim of insufficient evidence is procedurally defaulted.

Moreover, § 2255 does not allow for an attack on a Petitioner's sentence based on the sufficiency of the evidence. *See* § 2255 (outlining grounds for attacking a sentence); *United States v. Addonizio*, 442 U.S. 178, 184–86 (1979) (explaining that an error of law does not provide a basis for a petitioner to collaterally challenge his sentence unless the claimed error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice"); *Cauley v. United States*, 294 F.2d 318, 320 (9th Cir. 1961) ("[A]

motion under section 2255 is not a proper way to review the weight of the evidence."); *Hastings v. United States*, 184 F.2d 939, 940 (9th Cir. 1950) ("Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them.").

Finally, Petitioner's claim of insufficient evidence fails on the merits. There was ample evidence at trial to support a conviction on all counts.

## CONCLUSION

**IT IS ORDERED** that Magistrate Judge Michelle R. Burns's R&R (Doc. 14) is **ACCEPTED** and Petitioner Jesus Rivera-Alvarado's Motion to Vacate Sentence (Doc. 3) is **DENIED** with prejudice.   The Clerk of Court is directed to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability be denied because dismissal of the Petition is justified by procedural bar and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 21st day of October, 2014.

G. Murray Snow
United States District Judge